## Frank Orzolek, Appellee, v. S. C. Schenck, Agent, and S. C. Schenck, Appellant.

### Gen. No. 18,833.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 5, 1914. Rehearing denied February 16, 1914.

### Statement of the Case.

Action by Frank Orzolek against S. C. Schenck for personal injuries sustained by plaintiff as a result of the negligent management and operation of certain coal cars in a coal yard alleged to have been owned and controlled by defendant. From a judgment for plaintiff for two thousand dollars, defendant appeals.

ADAMS, CANDEE, STEERE & HAWLEY, for appellant; SHEPARD, McCORMICK & THOMASON and PERRY S. PATTERSON, of counsel.

C. H. JOHNSON and DANIEL BELASCO, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 568*—*burden of proving relationship under special pleas.* In an action for personal injuries alleged to have been caused by the negligent operation and management of coal cars in a coal yard owned and controlled by defendant, under a special plea denying ownership of the yard and plaintiff's employment by defendant, the burden is on plaintiff to establish such facts.

2. MASTER AND SERVANT, § 681*—*sufficiency of evidence of ownership and operation.* In an action for personal injuries plaintiff claimed that while in the employ of defendant in a coal yard owned and controlled by him he was injured through the negligence of

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

the latter in the management of coal cars therein. Defendant in special pleas denied ownership of the yard and plaintiff's employment by him. Beyond testimony that he was employed in defendant's coal yard, plaintiff introduced no evidence on the subject, while defendant's uncontradicted evidence showed that signs above the yard, pay rolls, and receipts for wages bore the name of another, defendant's name appearing merely as agent. It was *held* that plaintiff failed to meet the burden imposed upon him by the special pleas and a verdict in his favor was against the manifest weight of evidence.

3. APPEAL AND ERROR, § 1013*—*necessity that record show exception to refusal of peremptory instruction.* Where the record fails to show an exception to the refusal of a peremptory instruction to find for defendant the latter cannot contend, on appeal, that the instruction should have been given on the theory that there was no evidence tending to sustain allegations of the declaration as to issues raised by special pleas.

4. NEW TRIAL, § 51*—*questions presented on motion for.* Upon motion for new trial the question is not whether there was a total lack of evidence tending to prove the issues, but whether the verdict was contrary to the evidence upon those issues.

5. NEW TRIAL, § 52*—*verdicts against weight of evidence.* Where the verdict is clearly and manifestly contrary to the weight of the evidence it is error to deny a motion for a new trial.

6. REMOVAL OF CAUSES, § 11*—*time for filing petition.* Where the summons in an action was served twenty-eight days before the first day of the term at which it was returnable and the declaration was filed nearly a year before such return day, a petition to remove the cause to the federal court filed on the seventeenth day of the term is not in apt time under the act of Congress requiring the petition to be filed in the State court "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," since, although the statutes providing for a continuance where the summons is not served and the declaration filed ten days before the first day of the term do not expressly provide that the defendant must appear and plead on the return day of the summons where the summons is so served and the declaration so filed, such is their clear intent and meaning.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.